IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| LANCASTER EYE CLINIC, P.A., | ) | CA No: 0:05-982-CMC |
| LANCASTER EYE CLINIC P.A. 401(k) | ) | |
| PROFIT SHARING PLAN AND TRUST, | ) | |
| and MALCOLM EDWARDS, TODD ANDREW | ) | |
| SCOTT, FRANCES L. STORY, | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER AND OPINION |
| | ) | ON |
| vs. | ) | MOTION TO DISMISS |
| | ) | |
| INVESMART, INC., and | ) | |
| INVESMART ADVISOR, INC. | ) | |
| _____ | ) | |

This matter is before the court on motion of Defendant Invesmart Advisor, Inc. ("Advisor") to dismiss the complaint. Specifically, Advisor argues that the two state law claims asserted against it must be dismissed because it is an ERISA fiduciary by virtue of the plain language of 29 U.S.C. 29 U.S.C. § 1002(21)(A)(ii). Advisor further argues that the alternative ERISA claim must be dismissed for lack of specificity. For the reasons set forth below, the court grants the motion, in part, allowing Plaintiffs to replead to correct the asserted deficiencies in specificity.

**ERISA PREEMPTION.** Plaintiffs concede that their state law claims are preempted by ERISA to the extent Advisor is and has acted as an ERISA fiduciary. They assert, however, that Advisor's role is in some dispute. The question, therefore, is whether the court may determine, based on the allegations of the complaint, that Advisor served as a fiduciary and *only* as a fiduciary. *See Coleman v. Nationwide Life Ins. Co.,* 969 F.2d 54 (4th Cir. 1992)("The inclusion of the phrase 'to the extent' in [29 U.S.C.] § 1002(21)(A) means that a party is a fiduciary only as to the activities which bring the person within the definition.").

ERISA defines an ERISA "fiduciary" as including any person who "renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of [an ERISA] plan, or [who] has any authority or responsibility to do so . . . ." 29 U.S.C. § 1002(21)(A)(ii). From the allegations of the complaint, it appears that Advisor served just such a role. It is not, however, completely clear at this stage whether this was the *only* role served by this Defendant.

Plaintiffs, for example, refer to a contractual agreement which they contend governs their relationship with "a group of affiliated companies" which includes Advisor. The critical language of this Retirement Plan Services Agreement ("RPSA") provides as follows:

> The parties agree that none of the Standard Services provided under this Agreement shall be construed as creating a status of Invesmart as Plan Administrator or other fiduciary to the Plan as those terms are defined in ERISA or otherwise. Likewise, none of the Non-Standard Services provided under this Agreement shall cause Invesmart to be a fiduciary under ERISA. The parties further agree that Invesmart shall not provide (or be deemed to be providing) legal, investment or tax advice to the Employer, the Plan or any other person(s) as a result of the obligations undertaken by Invesmart in this Agreement.

Plaintiffs' memorandum, Exhibit A. Plaintiffs also cite to a separate agreement for investment services which the ERISA Plan entered with Advisor which provides that Advisor is an ERISA fiduciary "*to the extent* it exercises discretionary authority over Account Assets." Plaintiffs' memorandum, Exhibit E (emphasis added).

As Advisor correctly notes in its reply, neither of these agreements are attached to the complaint. Thus, they may not properly be considered in resolving a motion to dismiss. At the same time, they demonstrate that Plaintiffs have a reasonable basis for asserting alternative causes of action *at this stage in the proceeding*.

The court concludes that it must deny the motion to dismiss the state law claims. The parties are, however, encouraged to confer to determine if the issue of Advisor's role might be resolved by stipulation at an early stage in the proceedings. This may be particularly appropriate in light of the position taken by Advisor with respect to the motion to dismiss.

**LACK OF SPECIFICITY.** Advisor also seeks to dismiss the ERISA claim for lack of specificity. In response, Plaintiffs argue that the complaint is sufficient to satisfy the notice requirements of Rule 8 of the Federal Rules of Civil Procedure particularly when considered in connection with a seven page pre-suit letter sent by an attorney on their behalf to the legal department of Invesmart, Inc. *See* Plaintiffs' memorandum at 12 ("The letter specifies [the claims] in great detail providing names, dates and relevant allegations."). Plaintiffs assert that including this degree of specificity in the complaint "would not have been in the best interest of the court or the parties," in part, because should any of the specific facts in the letter not have proven up in discovery, "Plaintiffs would have to amend the complaint later." Plaintiffs' memorandum at 13.

While the full detail contained in the pre-suit letter may not be required in the complaint, Advisor is entitled to have the allegations against it set forth with a sufficient degree of specificity to provide notice as to the particular wrongs against which it must defend. It is also entitled to have those allegations set forth in a document which is subject to the strictures of Rule 11. Thus, the court cannot agree that the pre-suit letter cures any lack of specificity in the complaint.

For these reasons, the court grants the motion to dismiss the ERISA claim for lack of specificity but also grants Plaintiffs leave to file an amended complaint.[1] If Plaintiffs elect to file an

---

[1] Advisors challenged the lack of specificity only as to the ERISA claim, possibly due to its assumption of success on the preemption challenge. The court will not, therefore, require that any amended complaint include greater specificity as to the state law claims but will allow such greater

amended complaint, they shall do so by August 1, 2005. The court has allowed a greater than normal amount of time for filing of an amended complaint in order to encourage resolution of any matters which might be resolved by stipulation in the interim, most particularly as to Advisor's status.

## CONCLUSION

For the reasons set forth above, Defendant Advisor's motion to dismiss is granted in part and denied in part.

**IT IS SO ORDERED**.

                                                s/Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

June 30, 2005
Columbia, South Carolina

---

specificity at Plaintiffs' election.